IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DANIEL L. PROFFITT                                            PLAINTIFF

v.                    Civil No. 12-3026

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                  DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

Plaintiff, Daniel Proffitt, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**      **Procedural Background:**

Plaintiff filed his DIB application in June 2007, alleging an onset date of August 7, 2006, due to a back injury. Tr. 26, 58-60, 165, 169, 176-177, 198-199, 201, 203-204. The Commissioner denied Plaintiff's applications initially and on reconsideration. Tr. 58-71. An administrative hearing was held on August 2, 2011. Tr. 23-57. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 58 years old and possessed the equivalent of a high school education. Tr. 31, 174. He had past relevant work ("PRW") experience as a welder, custodian, and a carpenter. Tr. 31-35, 178-185.

On October 17, 2011, the ALJ found Plaintiff's degenerative disk disease ("DDD") to be severe, but concluded it did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 13. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to perform medium work involving frequent balancing, kneeling, crawling, and climbing, and only occasional stooping and crouching. Tr.

14-16. The ALJ then concluded that Plaintiff could return to his PRW as a custodian and carpenter. Tr. 17.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on January 13, 2012. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 8, 9.

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory

diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported

by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In 2004, Plaintiff slipped and fell at work, injuring his lower back. Tr. 250-251. As a result, he suffered a right-sided disk herniation at the L4-5 level. Tr. 276. On August 15, 2005, Plaintiff underwent a right L4-5 level hemilaminectomy and discectomy. Tr. 286-287. By October 2005, he had returned to light duty work, but complained that standing and walking for extended periods caused him a great deal of pain. Tr. 246. A repeat MRI in November revealed DDD at the L4-5 level with degenerative changes in the facets at the L3-4, L4-5, and L5-S1 levels, as well. Tr. 291. There was also some scar tissue around the previous laminectomy site. Tr. 239. As a result, Dr. James Adametz advised him to work only half (4 hour) days. Tr. 241.

In January 2006, Plaintiff continued to work only part-time and began epidural steroid injections.[1] Tr. 281-282. However, the injections were not effective. Tr. 228, 229, 235. In March 2006, Plaintiff stepped in hole and reinjured his back. Examinations revealed a limited range of motion in the back, a positive straight leg raise test on the right side, and tenderness in the paraspinal musculature of the back. Tr. 228, 229. Dr. Adametz took him off work for a week. Tr. 235. In April 2006, Dr. Adametz allowed him to return to work, but restricted him to no lifting over 20 pounds. Tr. 234. At this time, Plaintiff had also begun experiencing some intermittent numbness in his right foot. Tr. 235. On April 28, 2006, Dr. Adametz opined that Plaintiff had reached his maximum medical benefit from surgery and rated him with an 8% impairment for his previous disk herniation. Tr. 233.

A general physical exam in August 2007 revealed a limited range of motion in the lumbar spine. Tr. 256-262. X-rays also showed DDD at the L4-5 and L5-S1 levels. Plaintiff was diagnosed with lower

---

[1] A review of the records also reveals that Plaintiff was prescribed Mobic, Celebrex, Ultram, and Neurontin to treat his pain. Tr. 39, 228, 234, 288-289.

4

back pain with radiculopathy. The doctor indicated that Plaintiff could walk, stand, lift, and carry, but did not indicate how long Plaintiff could stand and/or walk or how much weight he could lift and/or carry.

On June 20, 2011, Dr. Michael Hangaman noted that Plaintiff continued to exhibit a limited range of motion in his lumbar spine with pain to touch over his mid-to-lower lumbar spine and paraspinal muscles on the right side. Tr. 288-289. He also continued to have a positive straight leg raise test on the right. He prescribed a trial of Mobic, and recommended that Plaintiff follow-up with Dr. Adametz. However, Plaintiff indicated that he had no insurance and had no worked in four years.

Given the aforementioned evidence, we believe that remand is necessary to allow the ALJ to reevaluate his determination that Plaintiff can perform medium level work. As previously noted, Dr. Adametz limited him to working half days (4 hours), due to the pain associated with standing and walking, and to lifting no more than 20 pounds. Although it is not clear whether these limitations were permanent or short-term, we believe that the ALJ should have contacted the doctor for clarification, prior to rendering his decision. *See* 20 C.F.R. § 416.912(e) (stating that treating physicians or psychologists will be recontacted by the Commissioner when the medical evidence received from them is inadequate to determine a claimant's disability). Accordingly, on remand, the ALJ should contact Dr. Adametz for clarification. He should also obtain an RFC assessment from Dr. Adametz, indicating Plaintiff's exact work abilities and limitations during the relevant time period.

### IV.   Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of March 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)